# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IDRIS NAWABI, | ) | 1:13-cv-00272-AWI-BAM (PC) |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER DISMISSING |
| | ) | COMPLAINT AND GRANTING LEAVE TO |
| v. | ) | AMEND |
| | ) | (ECF No. 1) |
| CATES, et al., | ) | |
| | ) | |
| Defendants. | ) | THIRTY-DAY DEADLINE |
| | ) | |
| | ) | |

## First Screening Order

### I.  Screening Requirement and Standard

Plaintiff Idris Nawabi ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on February 25, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

1   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

3   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

4   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

5   unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

6   (internal quotation marks and citation omitted).

7           Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

8   liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

9   342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

10  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

11  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

12  (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

13  2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

14  consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at

15  678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

16          **II.    Plaintiff's Allegations**

17          Plaintiff is currently housed at the Eloy Detention Center in Eloy, Arizona.  The events

18  alleged in the complaint occurred while Plaintiff was housed at Avenal State Prison.  Plaintiff

19  names (1) Cates, Secretary of the California Department of Corrections and Rehabilitation

20  ("CDCR"), (2) L. Zamora, Chief of California Correctional Health Care Services at Avenal State

21  Prison, (3) J. Hartley, Warden at Avenal State Prison, (4) Dr. Chapnick, Chief Medical Executive

22  and Chief Executive Officer at Avenal State Prison, (5) B. Jeffrey, RN at Avenal State Prison,

23  (6) D. Edmund, RN at Avenal State Prison, (7) Dr. Biol, (8) Dr. Acolaste, (9) Dr. I. Mathos, (10)

24  B. Borges, RN at Avenal State Prison, and (11) D. Wood, RN, as defendants.

25          Plaintiff alleges as follows:  On January 27, 2012, Plaintiff was diagnosed with

26  coccidioimycosis (cocci), which is also known as Valley Fever.  Plaintiff is Asian and statistics

27  demonstrate that Asians are infected with cocci at a much higher rate.  Plaintiff did not have a

28  cocci infection prior to his incarceration at Avenal State Prison.  Plaintiff claims that defendants

1   were deliberately indifferent to Plaintiff's serious medical needs and failed to provide adequate

2   and timely responses to his medical needs.

3        Plaintiff contends that CDCR has identified Avenal State Prison as a hyperendemic

4   location for cocci.  Plaintiff further contends that digging, or other work in the dirt or soil, of a

5   hyperendemic area further increases exposure to cocci.  From May 2011 to March 2012, Plaintiff

6   was assigned to an Avenal State Prison yard crew and was requested to handle dirt, dust and soil

7   on a daily basis.  He often was required to dig in the dirt with a shovel or similar tool, but was

8   never provided a mask or any sort of respiratory filter.

9        On many occasions, including January 30, 2012, February 28, 2012, March 9, 2012,

10   March 11, 2012, and March 18, 2012, Defendants knew that Plaintiff had cocci, but denied his

11   pleas to access health care.  In 2012, Plaintiff made at least twenty attempts to see a medical

12   doctor regarding his diagnosis of cocci.  However, Plaintiff achieved only minimal contact and

13   did not see a specialist.

14        Defendant Borges refused, on many occasions, to allow Plaintiff timely access to a doctor

15   for treatment of cocci by requiring him to wait for routine visits instead of scheduling a timely

16   appointment.  Defendant Borges failed to respond to Plaintiff's pleas for help when his situation

17   became severe enough to place him in fear of his life.  On March 12, 2013, Defendant Borges

18   rejected the existing medical record to diagnose Plaintiff's swollen and rash-covered legs as "too

19   much salt."  Plaintiff was returned to his housing unit without receiving meaningful medical

20   care.

21        Defendants' mismanagement of cocci placed Plaintiff in fear for his life as demonstrated

22   by a psychiatric interview of March 14, 2012.  Defendants did not provide a meaningful response

23   to Plaintiff's pleas for help on March 13, 2012, until March 19, 2012.  Defendant Borges

24   believed that Plaintiff was in need of help because she eventually initiated a psychiatric referral,

25   but waited an unreasonable time to do so.

26        Plaintiff asserts that nursing staff at Avenal State Prison are provided nursing encounter

27   forms to screen inmate patients for treatment.  However, there is no nursing encounter form

28   specific for assessing Valley Fever or cocci.  Plaintiff's cocci symptoms included a variety of

1    ailments that could not be accessed by the nursing encounter form.  Although Defendants were

2    aware of this fact, they continued to limit the delivery of services.  CDCR's education and

3    training for the treatment of cocci infection is neglected compared to other medical conditions

4    typically encountered in the normal course of Defendants' duties.  Inmate patients with cocci

5    infections receive a lesser degree of care and education by Defendants than other patients.

6    Plaintiff contends that he was not provided with patient health care education forms for cocci or

7    Valley Fever and verbal counseling lacked any substantial benefit.  For example, on February 9,

8    2012, Defendant Biol met with and advised Plaintiff to treat cocci with a healthy lifestyle, low-

9    fat, low-salt diet and walking exercise.  Plaintiff alleges that CDCR knew or should have known

10   that their policies and procedures were inadequate and inappropriate for the treatment and

11   screening of cocci.

12         Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive

13   damages.

14         **III.    Deficiencies of Complaint**

15         As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of

16   Civil Procedure 8 and fails to state a cognizable claim.  Plaintiff will be given leave to amend his

17   complaint.  To assist Plaintiff in amending his complaint, the Court provides the following

18   pleading and legal standards that apply to his claims.

19         **A.  Federal Rule of Civil Procedure 8**

20         Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

21   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

22   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

23   of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

24   (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

25   claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.

26   at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also

27   Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

28

1    Plaintiff's complaint does not clearly set forth the factual allegations underlying his claim

2    regarding inadequate medical treatment and he fails to set forth the responsible parties regarding

3    his assignment to Avenal State Prison and the yard crew.  With the exception of Defendants

4    Borges and Biol, Plaintiff lumps all defendants together and fails to describe specific actions

5    taken by the defendants named in his complaint that violated his constitutional rights.  If Plaintiff

6    elects to amend his complaint, he must set forth factual allegations against each named defendant

7    sufficient to state a claim.

8    **B.  Linkage Requirement**

9    The Civil Rights Act under which this action was filed provides:

10   Every person who, under color of [state law] ... subjects, or causes to be
     subjected, any citizen of the United States ... to the deprivation of any rights,
11   privileges, or immunities secured by the Constitution ... shall be liable to the party
     injured in an action at law, suit in equity, or other proper proceeding for redress.
12

13   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

14   the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

15   Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978);

16   Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held

17   that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

18   of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits

19   to perform an act which he is legally required to do that causes the deprivation of which

20   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21   As noted above, Plaintiff lumps nearly every defendant together and does not specify the

22   actions of the individual defendants and link them with the alleged deprivations suffered by

23   Plaintiff.  Specifically, Plaintiff fails clearly to link Defendants Cates, L. Zamora, J. Hartley, Dr.

24   Chapnick, B. Jeffrey, D. Edmund, Dr. Acolaste, Dr. I. Mathos, and D. Wood to his allegations.

25   If Plaintiff chooses to amend his complaint, he must link each named defendant with some

26   affirmative act or omission that demonstrates a violation of his rights.

27   ///

28   ///

5

1

## C. Injunctive Relief

Plaintiff seeks injunctive relief for access to a medical doctor and a change in the patient encounter forms. However, Plaintiff is no longer incarcerated at Avenal State Prison. A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.1991) (per curiam)); Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him). There is no indication that Plaintiff expects to be transferred back to Avenal State Prison. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

## D. Eighth Amendment – Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a

1  location where Valley Fever spores existed which caused him to contract Valley Fever, he is

2  advised that no courts have held that exposure to Valley Fever spores presents an excessive risk

3  to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010);

4  Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).  However, courts have deemed

5  the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor

6  responsible for either increasing the risk of contraction or the severity of infection.  See, e.g.,

7  Stevens v. Yates, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction

8  disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma);

9  Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical

10  conditions, including asthma, and race); see also Plata v. Brown, 2013 WL 3200587, *7 n. 10,

11  *14 (N.D. Cal. June 24, 2013) (finding that the following groups are at an increased risk of harm

12  from Valley Fever infection and should therefore be excluded from Pleasant Valley State Prison

13  and Avenal State Prison: inmates designated as medically high-risk; "'[p]atients with impaired

14  cellular immunity, such as those with solid organ transplants, those with HIV infection, and

15  those with chronic obstructive pulmonary disease, chronic renal failure, congestive heart failure,

16  diabetes; patients receiving TNF inhibitors (medications used in the treatment of arthritis);

17  Filipino and African-American men; and pregnant women in the 2nd or 3rd trimester.'").

18      In this case, Plaintiff has identified factors responsible for contributing to his contraction

19  of Valley Fever or increasing the severity of his condition, primarily his required work in the soil

20  and the lack of masks or other precautionary measures.  Despite meeting this first factor, Plaintiff

21  has failed to demonstrate that a particular defendant exhibited deliberate indifference to a

22  substantial risk of serious harm to Plaintiff.

23      "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

24  1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of facts

25  from which the inference could be drawn that a substantial risk of serious harm exists,' but that

26  person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a

27  prison official should have been aware of the risk, but was not, then the official has not violated

28  the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of

1    Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  As discussed in greater detail above,

2    Plaintiff has lumped all of the defendants together.  By doing so, he has failed to demonstrate

3    that any particular defendant acted with deliberate indifference.  Plaintiff will be given leave to

4    cure this deficiency.

5                    **E.  Eighth Amendment - Deliberate Indifference to Serious Medical Needs**

6           "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

7    inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d

8    1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

9    L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

10   (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

11   result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

12   "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096;

13   Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).  Deliberate indifference is shown

14   where the official is aware of a serious medical need and fails to adequately respond. Simmons v.

15   Navajo County, Ariz., 609 F.3d a1011, 1018 (9th Cir. 2010).

16          Defendant Borges

17          Plaintiff alleges that Defendant Borges required Plaintiff to wait for routine medical visits

18   and delayed his referral for psychiatric care for several days.  Plaintiff's allegations, as written,

19   do not establish deliberate indifference on the part of Defendant Borges.  At best, Plaintiff's

20   allegations evidence a disagreement regarding the urgent nature of Plaintiff's condition.  A

21   difference of opinion between a healthcare professional and a prisoner does not rise to the level

22   of deliberate indifference.  Toguchi, 391 F.3d at 1058.

23          Plaintiff also alleges that Defendant Borges misdiagnosed Plaintiff's swollen and rash-

24   covered legs as "too much salt."  At best, Plaintiff's allegations amount to a claim of negligence

25   or medical malpractice.  Mere indifference, negligence, or medical malpractice will not support a

26   cause of action for deliberate indifference.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460

27   (9th Cir.1980), citing Estelle, 429 U.S. at 105–06. "Medical malpractice does not become a

28   constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see

1   also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is

2   insufficient to establish deliberate indifference to serious medical needs. See Wood v.

3   Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).

4         Defendant Biol

5         Defendant Biol allegedly advised Plaintiff to treat cocci with a healthy lifestyle, low-fat,

6   low-salt diet and walking exercise.  This allegation, standing alone, is not sufficient to

7   demonstrate deliberate indifference to serious medical needs.  Plaintiff has not included

8   sufficient factual allegations regarding his condition and his treatment by Defendant Biol to state

9   a cognizable claim.  Plaintiff will be given leave to cure this deficiency.

10         Remaining Defendants

11         As discussed, Plaintiff's general reference to "Defendants" is not sufficient to state a

12   cognizable Eighth Amendment claim.  Plaintiff has not linked the individual defendants with any

13   specific actions demonstrating deliberate indifference to serious medical needs.

14       **IV.    Conclusion and Order**

15         As stated above, Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of

16   Civil Procedure and fails to state any cognizable claims.  However, the Court will provide

17   Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies.

18   Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

19         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

20   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

21   556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations

22   must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S.

23   at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by

24   adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607

25   (7th Cir. 2007) (no "buckshot" complaints).

26         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

27   Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's

28

1  amended complaint must be "complete in itself without reference to the prior or superseded

2  pleading."  Local Rule 220.

3       Based on the foregoing, it is HEREBY ORDERED that:

4      1.  The Clerk's Office shall send Plaintiff a complaint form;

5      2.  Plaintiff's first amended complaint is dismissed for failure to comply with Federal

6         Rule of Civil Procedure 8 and for failure to state a cognizable claim;

7      3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

8         first amended complaint; and

9      4.  <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this</u>

10         <u>action will be dismissed for failure to obey a court order.</u>

11

12  IT IS SO ORDERED.

13

   Dated:   **February 19, 2014**          /s/ *Barbara A. McAuliffe*

14                                     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28