# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IDRIS NAWABI, | Case No. 1:13-cv-00272-LJO-SAB |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF AND REQUIRING PLAINTIFF TO EITHER OBTAIN SUBSTITUTE COUNSEL OR FILE A THIRD AMENDED COMPLAINT |
| v. | |
| CATES, et al., | |
| Defendants. | (ECF Nos. 78, 79) |
| | SIXTY DAY DEADLINE |

Currently before the Court is a motion to withdraw as counsel for Plaintiff in this action. A hearing on the motion was held on September 25, 2019. Counsel Brian Bush appeared. Plaintiff Idris Nawabi did not appear. Counsel William Burnanich appeared for Defendants Brown, Beard, Hartley, Chapnick, Borges, and Hancock. Having considered the moving papers, the declaration attached thereto, arguments presented at the September 25, 2019 hearing, as well as the Court's file, the motion to withdraw as counsel for Plaintiff is granted.

**I.**

**PROCEDURAL HISTORY**

Plaintiff Idis Nawabi, a former state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 proceeding *pro se* and *in forma pauperis* on February 25, 2013. On February 20, 2014, the magistrate assigned to the action dismissed Plaintiff's complaint with leave to amend.

1

Plaintiff filed a first amended complaint on March 6, 2014. On March 11, 2014, the magistrate judge screened the first amended complaint and found that it stated a claim against J. Hartley, R. Chapnick, B. Borges and Hancock for deliberate indifference to serious medical needs in violation of the Eighth Amendment and service was initiated on the named defendants.

Defendants Hartley, Chapnick, Borges and Hancock filed a motion to dismiss on October 3, 2014. On October 27, 2014, a substitution of attorney form was filed and counsel Raymond Boucher was substituted as counsel for Plaintiff. On this same date, the parties filed a stipulation for Plaintiff to file an amended complaint.

On November 3, 2014, this case was related to a group of cases and reassigned to United States District Judge Lawrence J. O'Neill and the undersigned. A second amended complaint was filed on November 4, 2014, against Edmund G. Brown, Jr., Governor; Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); James D. Hartley, Warden of Avenal State Prison ("ASP"); R. Chapnick, ASP Chief Medical Officer, M.D.; B. Borges, ASP Registered Nurse; and Hancock, ASP Correctional Officer (collectively "Defendants") alleging deliberate indifference in violation of the Eighth Amendment.

On February 2, 2015, Defendants filed a motion to dismiss. Plaintiff filed an opposition to the motion on April 13, 2015, and Defendants filed a reply on April 22, 2015. On May 20, 2015, findings and recommendations issued recommending granting Defendants' motion to dismiss and granting Plaintiff an opportunity to file an amended complaint as to those claims that had previously been found to state a claim. Plaintiff filed objections to the findings and recommendations on June 17, 2015; and Defendants filed objections on July 8, 2014.

On October 7, 2015, the district judge filed an order re the findings and recommendations granting in part and denying in part Defendants' motion to dismiss. Plaintiff's Eighth Amendment conditions of confinement claim was dismissed without leave to amend on the ground of qualified immunity and Plaintiff was granted leave to amend his Eighth Amendment claim alleging deliberate indifference to his serious medical needs claim.

On November 30, 2015, this matter was stayed at the stipulation of the parties until the resolution of the appeals in the related cases of Smith, et al. v. Schwarzenegger, et al., appeal no.

2

15-17155, Hines v. Youssef, appeal no. 15-16145, and Jackson, et al. v. Brown, et al., appeal no. 15-17076.

On February 1, 2019, the Ninth Circuit issued an order affirming the district court decision in Smith, et al. v. Schwarzenegger, et al., appeal no. 15-17155, and Hines v. Youssef, appeal no. 15-16145, and affirming in part and reversing in part in Jackson, et al. v. Brown, et al., appeal no. 15-17076. Plaintiffs filed requests for *en banc* review which were denied on March 26, 2019. On April 3, 2019, the mandate issued in each of the actions. The stay of this action was lifted on April 5, 2019, and Plaintiff was ordered to file a third amended complaint within fourteen days.

On April 18, 2019, the court granted the parties stipulation for an extension of time for Plaintiff to file a third amended complaint. On July 16, 2019, counsel filed a motion to withdraw as attorney for Plaintiff in this action. On August 30, 2019, Defendants filed a statement of non-opposition to the motion to withdraw.

**II.**

**LEGAL STANDARD**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California. See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Mandatory withdrawal is required where the lawyer knows or reasonably should know that the client "is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;" "the representation

3

will result in violation of these rules or of the State Bar Act;" "the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or the client discharges the lawyer." Cal. R. Prof. Conduct 1.6(a).

Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.6(b)(4).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared. L.R. 182(d). The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Id. Likewise, California's Rules of Court require notice of a motion to withdrawal to be served on the client and other parties who have appeared in the action. Cal. R. Court 3.1362(d).

It is within the Court's discretion whether to grant withdrawal. Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982); L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4); accord Kassab v. San Diego Police Dep't, No. 07CV1071 WQH WMC, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008). Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

### III.

### DISCUSSION

Counsel seeks to withdraw from representing Plaintiff in this action because there has been no communication from Plaintiff in over two years. Counsel has been informed that Plaintiff has been deported and is incarcerated in Germany. Counsel contends that the actions of

4

1  Plaintiff have made it unreasonably difficult to carry out representation in this action. Counsel
2  has attempted to advise Plaintiff of the intent to discontinue representation in the wake of the
3  Ninth Circuit's decision in Hines and suggested alternative counsel. Counsel obtained a
4  stipulation for an extension of time and later learned that Plaintiff had again been arrested and
5  was incarcerated in Germany.
6      In support of the motion to withdraw, counsel has provided a declaration asserting the
7  following. Prior to the stay of this action, counsel was able to communicate with Plaintiff by
8  email even though he had been deported and was living in Germany. (Decl. of Brian M. Bush in
9  Support of Mot. to Withdraw as Counsel for Pl. ("Bush Decl.") ¶ 5, ECF No. 78-1.) During the
10 time that this action has been stayed, Plaintiff was sent email updates on April 4, 2016; October
11 5, 2016; December 12, 2016; March 15, 2017; and July 24, 2017. (Id. at ¶ 7.) On May 1, 2017,
12 a letter was sent to Plaintiff informing him of the status of the action. (Id.) Plaintiff has not
13 communicated with counsel since July 24, 2017. (Id. at ¶ 8.)
14     On March 29, 2019, a letter was sent to Plaintiff by email discussing the Ninth Circuit's
15 opinion in Hines and no response was received. (Id. at ¶ 9.) On May 13, 2019, a letter was sent
16 to Plaintiff pertinent to the status of the action post Hines. (Id. at ¶ 10.) Counsel's office called
17 and emailed Plaintiff's wife and sister when they received no communication from Plaintiff. (Id.
18 at ¶ 11.) Through this communication, counsel discovered from Plaintiff's wife that he is
19 currently incarcerated in Germany and learned Plaintiff's current address. (Id.) Plaintiff's wife
20 informed counsel that all communication has been forwarded to Plaintiff by his sister. (Id.)
21 Counsel has had no communication from Plaintiff since July 2017. (Id.)
22     This motion and the declaration was mailed to Plaintiff at his current address on July 16,
23 2019. (Id. at ¶ 12.)
24     Courts interpreting Rule 1.6[1] have held that "a client's failure to communicate with their
25 attorneys constitutes good cause for the attorneys to seek withdrawal from representing the
26 client." Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., No. CV-14-02139-

---

28 [1] Previously Cal. R. Prof. Conduct 3–700.

5

MWF (VBKX), 2016 WL 7042098, at *2 (C.D. Cal. Mar. 22, 2016) (quoting Hershey v. Berkeley, No. EDCV 07–689–VAP (JCRX), 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008)).

Here, counsel has shown that the lack of communication is not due to the lack of diligence on his part. Between September 2015 and April 2016, counsel was able to communicate with Plaintiff by e-mail and letter. Plaintiff was sent updates on the status of the action through July 24, 2017. On March 20, 2019, a letter was sent to Plaintiff by email informing him of the Ninth Circuit's opinion in Hines and no response was received. On May 13, 2019, a letter was sent to Plaintiff informing him of the status of the action. Again, no response was received from Plaintiff. Plaintiff's wife has been contacted and has informed counsel that Plaintiff is incarcerated in Germany and that all letters have been mailed to him at his current address. Despite counsel's attempts to communicate with Plaintiff, he has not responded in over two years. This lack of communication is not due to lack of diligence on counsel's part. Rather this lack of communication is due to Plaintiff's failure to inform counsel of his current whereabouts and that he is incarcerated and failure to respond to counsel's communication.

The Court finds that permitting withdrawal will not prejudice defendants, harm the administration of justice, or significantly delay the adjudication of the party's claims. There is no complaint currently on file and this matter is in the initial stages of litigation. Withdrawal at this time would be more beneficial than requiring counsel to continue representation despite Plaintiff's failure to communicate. Further, given that there is no complaint currently filed, there may be no better time for counsel to cease his representation in this matter.

Counsel contends that all reasonable steps have been taken to avoid prejudicing Plaintiff's rights. They have provided notice to Plaintiff, and have allowed him time to employ other counsel. Further in the May 13, 2019 correspondence, Plaintiff was provided with an alternate option for representation. Counsel has complied with the requirements to notify Plaintiff of the withdrawal and has taken steps to avoid any prejudice to Plaintiff due to the withdrawal. Further, Plaintiff has not filed an opposition to the motion to withdraw.

1    The Court finds that counsel has established good cause to withdraw from representation
2    of Plaintiff in this action as Plaintiff's failure to communicate has made further representation
3    unreasonably difficult for counsel to carry out representation in this matter.

4    During the September 25, 2019 hearing, Defendants requested that the Court *sua sponte*
5    dismiss this action for Plaintiff's failure to prosecute. At this stage in the proceedings, Plaintiff
6    shall be provided with an opportunity to file an amended complaint to reallege those claims that
7    he brought while proceeding *pro se* in this action. Due to the age of this action and the
8    procedural history, the Court is not inclined to grant further leave to file an amended complaint.
9    As Plaintiff is incarcerated in Germany, the Court shall have a copy of Plaintiff's complaint
10   which was previously found to state a claim served along with this order. Should Plaintiff fail to
11   either obtain substitute counsel or file an amended complaint in compliance with this order, the
12   Court will recommend that this action be dismissed for failure to prosecute.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion to withdraw as counsel for Plaintiff is GRANTED;
2. Boucher LLP and attorneys Raymond P. Boucher and Brian M. Bush are relieved of their duties and obligations as Plaintiffs' counsel of record;
3. The Clerk of the Court is DIRECTED to terminate Boucher LLP and attorneys Raymond P. Boucher and Brian M. Bush as attorneys for Plaintiff in this action;
4. Within **sixty (60) days** of the date of service of this order, Plaintiff shall either notify the Court of the identify of new counsel or file a third amended complaint ;
5. The Clerk of the Court is directed to update the docket with the contact information of Plaintiff.

> Justizvollzugsanstalt HH-Billwerder
> Idris Abdul Nawabi
> Dweerlanding 100
> 22113 Hamburg, Germany

6. The Clerk of the Court is directed to send Plaintiff a copy of the first amended

complaint, filed March 6, 2016, (ECF No. 15) along with this order; and

7. Plaintiff is advised that failure to comply with this order will result in the recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: __**September 25, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE