# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IDRIS NAWABI, | Case No. 1:13-cv-00272-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| CATES, et al., | (ECF No. 81) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## PROCEDURAL HISTORY

Plaintiff Idis Nawabi, a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 25, 2013. On February 20, 2014, the magistrate assigned to the action dismissed Plaintiff's complaint with leave to amend. Plaintiff filed a first amended complaint on March 6, 2014. On March 11, 2014, the magistrate judge screened the first amended complaint and found that it stated a claim against J. Hartley, R. Chapnick, B. Borges and Hancock for deliberate indifference to serious medical needs in violation of the Eighth Amendment and service was initiated on the named defendants.

Defendants Hartley, Chapnick, Borges and Hancock filed a motion to dismiss on October 3, 2014. On October 27, 2014, a substitution of attorney form was filed and counsel Raymond Boucher was substituted as counsel for Plaintiff. On this same date, the parties filed a stipulation

1

1 | for Plaintiff to file an amended complaint.

On November 3, 2014, this case was related to a group of cases and reassigned to United States District Judge Lawrence J. O'Neill and the undersigned. A second amended complaint was filed on November 4, 2014, against Edmund G. Brown, Jr., Governor; Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); James D. Hartley, Warden of Avenal State Prison ("ASP"); R. Chapnick, ASP Chief Medical Officer, M.D.; B. Borges, ASP Registered Nurse; and Hancock, ASP Correctional Officer (collectively "Defendants") alleging deliberate indifference in violation of the Eighth Amendment.

On February 2, 2015, Defendants filed a motion to dismiss. Plaintiff filed an opposition to the motion on April 13, 2015, and Defendants filed a reply on April 22, 2015. On May 20, 2015, findings and recommendations issued recommending granting Defendants' motion to dismiss and granting Plaintiff an opportunity to file an amended complaint as to those claims that had previously been found to state a claim. Plaintiff filed objections to the findings and recommendations on June 17, 2015; and Defendants filed objections on July 8, 2014.

On October 7, 2015, the district judge filed an order re the findings and recommendations granting in part and denying in part Defendants' motion to dismiss. Plaintiff's Eighth Amendment conditions of confinement claim was dismissed without leave to amend on the ground of qualified immunity and Plaintiff was granted leave to amend his Eighth Amendment claim alleging deliberate indifference to his serious medical needs claim.

On November 30, 2015, this matter was stayed at the stipulation of the parties until the resolution of the appeals in the related cases of Smith, et al. v. Schwarzenegger, et al., appeal no. 15-17155, Hines v. Youssef, appeal no. 15-16145, and Jackson, et al. v. Brown, et al., appeal no. 15-17076.

On February 1, 2019, the Ninth Circuit issued an order affirming the district court decision in Smith, et al. v. Schwarzenegger, et al., appeal no. 15-17155, and Hines v. Youssef, appeal no. 15-16145, and affirming in part and reversing in part in Jackson, et al. v. Brown, et al., appeal no. 15-17076. Plaintiffs filed requests for *en banc* review which were denied on March 26, 2019. On April 3, 2019, the mandate issued in each of the actions. The stay of this

action was lifted on April 5, 2019, and Plaintiff was ordered to file a third amended complaint within fourteen days.

On April 18, 2019, the court granted the parties stipulation for an extension of time for Plaintiff to file a third amended complaint. On July 16, 2019, counsel filed a motion to withdraw as attorney for Plaintiff in this action. On August 30, 2019, Defendants filed a statement of non-opposition to the motion to withdraw. A hearing on the motion to withdraw was held on September 25, 2019. Plaintiff's counsel Brian Bush appeared and counsel William Buranich appeared telephonically for Defendants. The Court found that good cause existed for Plaintiff's counsel to withdraw in this matter due to Plaintiff's failure to communicate with him which made it unreasonably difficult for counsel to carry out representation in the matter. On September 26, 2019, an order issued granting counsel's request to withdraw from representation in this matter and ordering Plaintiff to either obtain substitute counsel or file a third amended complaint within sixty days.

More than sixty days have passed and Plaintiff has not filed an amended complaint, substitute counsel has not appeared in the matter, nor has Plaintiff otherwise responded to the September 26, 2019 order.

## II.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. Fed. R. Civ. P. 41(b). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.

1  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff did not respond to his previous counsel's communication for the two years prior to counsel withdrawing from representation in the action. Plaintiff was ordered to file a third amended complaint or obtain substitute counsel within sixty days of service of the September 26, 2019 order. As Plaintiff is currently incarcerated in Germany, the Court served a copy of his first amended complaint that had been found to state a claim with the September 26, 2019. Plaintiff has neither filed a third amended complaint, obtained substitute counsel, nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,

1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. This matter has been pending since 2013 and based on counsel's representation there has been no communication with Plaintiff in over two years. There is no operative complaint in the action and despite being provided with a copy of the first amended complaint and being granted an opportunity to file a third amended complaint, Plaintiff has not done so. The Court can come to no conclusion other than that Plaintiff no longer desires to proceed with this action.

It is Plaintiff's responsibility to move this action forward and this action can proceed no further without Plaintiff's cooperation and compliance with the order at issue. This matter cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's September 26, 2019 order requiring Plaintiff to file a third amended complaint or obtain substitute counsel expressly stated: "Should Plaintiff fail to either obtain substitute counsel or file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed for failure to prosecute." (ECF No. 81 at 7.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff has been granted the opportunity to seek substitute counsel or file a third amended complaint. The Court provided Plaintiff with a copy of his first amended complaint that had been found to state a cognizable claim. Yet Plaintiff has failed to file a third amdned complaint or obtain substitute counsel in compliance with the orders of the Court.

1  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, based on Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 4, 2019**

UNITED STATES MAGISTRATE JUDGE