UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDRIS NAWABI,<br><br>        Plaintiff,<br><br>    v.<br><br>CATES, et al.,<br><br>        Defendants. | No. 1:13-cv-00272-NONE-SAB<br><br><u>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR THE PURPOSES OF CLOSING THIS CASE AND DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE</u> |

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Idris Nawabi, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 25, 2013. This matter has a long and complicated history.

Generally, plaintiff filed this action asserting violations of the Eighth Amendment due to his alleged exposure to Valley Fever and the medical care that he received while incarcerated at Avenal State Prison. (Doc. No. 1.) On February 20, 2014, plaintiff's complaint was screened and found not to state a cognizable claim. (Doc. No. 12.) Plaintiff was granted leave to file a first amended complaint within thirty days. (*Id.*) Plaintiff filed a first amended complaint on March 6, 2014. (Doc. No. 15.) The complaint was screened and found to state a cognizable claim against defendants B. Borges, R. Chapnick, Hancock, and J. Hartley on March 11, 2014. (Doc. No. 17.)

1

1 | Defendants filed a motion to dismiss on October 3, 2014. (Doc. No. 22.) On October 27, 2014, counsel Raymond Boucher and Brian Bush substituted in to represent plaintiff in this matter and the parties' stipulation for leave to file another amended complaint was granted. (Doc. No. 23, 24.)

On November 3, 2014, this matter was related and consolidated with a set of other actions, the lead cases being *Jackson, et al. v. State of California, et al.*, 1:13-cv-01055-LJO-SAB; and *Smith, et al. v. Schwarzeneggar, et al.*, 1:14-cv-00060-LJO-SAB. (Doc. No. 27.) On November 4, 2014, a second amended complaint was filed on behalf of plaintiff. (Doc. No. 28.) After receiving an extension of time to respond to the complaint, defendants filed another motion to dismiss on February 2, 2015. (Doc. No. 45.)

Findings and recommendations were issued by the assigned magistrate judge on May 20, 2015, recommending granting in part and denying in part defendant's motion to dismiss. (Doc. Nos. 56.) On October 7, 2015, the previously assigned district judge considered the objections of the parties and adopted the findings and recommendations. (Doc. Nos. 60, 61, 66.) Plaintiff was granted leave to file a third amended complaint within thirty days. (Doc. No. 66.) Plaintiff sought an extension of time to file a third amended complaint and this matter was stayed on November 30, 2015, pending resolution of appeals to the Ninth Circuit in *Jackson* and *Smith*. (Doc. Nos. 70, 72.)

On April 5, 2019, the stay of this matter was lifted after the Ninth Circuit issued an order affirming the district court decision in *Smith*, appeal no. 15-17155, and *Hines v. Youssef*, appeal no. 15-16145, and affirming in part and reversing in part in *Jackson,* appeal no. 15-17076. (Doc. No. 74.) Plaintiff was then ordered to file a third amended complaint within thirty days. (*Id.*)

The parties' stipulation for an extension of time to file a third amended complaint was granted on April 18, 2019. (Doc. No. 75.) On July 17, 2019, a motion to withdraw as attorney of record for plaintiff was filed by attorneys Raymond Boucher and Brian Bush. (Doc. No. 78.) On September 26, 2019, counsels' motion to withdraw was granted; and plaintiff was ordered to

/////

/////

2

file a third amended complaint or a substitution of counsel within sixty days.[1] (Doc. No. 81.) To assist plaintiff in filing a third amended complaint, the court provided him with a copy of his first amended complaint, which had been found to state a cognizable claim. (*Id.*)

Plaintiff did not comply with the court's September 26, 2019 Order and on December 4, 2019, findings and recommendations issued recommending dismissal of this action due to plaintiff's failure to prosecute. (Doc. No. 82.) Plaintiff filed objections to the findings and recommendations on December 26, 2019, and requested appointment of counsel. (Doc. No. 84.) In vacating the findings and recommendations, the magistrate judge realized that counsel from the consolidated cases had filed notices of association in this matter and had not joined in the motion to withdraw as attorney for plaintiff. (*Id.*) Accordingly, the December 4, 2019 findings and recommendations were vacated, and associated counsel were required to file a pleading addressing the status of their representation of plaintiff in this matter. (*Id.*)

On January 3, 2010, attorney Ian Wallach filed a motion to withdraw. (Doc. No. 86.) On January 7, 2020, attorney Mark Ozzello filed a motion to withdraw; and on January 8, 2020, attorney Jason Feldman also filed a motion to withdraw. (Doc. Nos. 87, 88.) On January 14, 2020, all of the motions to withdraw were granted. (Doc. No. 89.) Plaintiff's request for appointment of counsel was denied; he was ordered to file any third amended complaint he wished to pursue within forty-five days; and another copy of his first amended complaint was provided to him. (*Id.*)

More than forty-five days have passed, and plaintiff has not filed a third amended complaint or otherwise responded in any way to the court's January 14, 2010 Order.

## LEGAL STANDARD

Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. Fed. R. Civ. P. 41(b). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with

---

[1] At this time, plaintiff had been deported from the United States and is incarcerated in Germany on new charges. For this reason, the magistrate judge provided plaintiff with additional time to file any third amended complaint in this action.

these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

## DISCUSSION

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Plaintiff was ordered to file a third amended complaint or obtain substitute counsel within sixty days of September 26, 2019. (Doc. No. 81.) Plaintiff did not comply with the September 26, 2019 Order. When plaintiff filed objections to the findings and recommendations recommending dismissal of this case for failure

4

to comply with the court's order and failure to prosecute, plaintiff was provided with an additional forty-five days to file any third amended complaint he wished to present. (Doc. Nos. 85, 89.) The court has provided plaintiff with the applicable legal standards that would apply to his claims and has been sent his first amended complaint on two occasions to assist him with the filing of a third amended complaint if he wishes to pursue this action further. Despite the court's efforts to provide plaintiff with an opportunity to prosecute this action, plaintiff has neither filed a third amended complaint nor otherwise responded to the court's order. Plaintiff's failure to comply with the orders of the court hinders the court's ability to move this action towards disposition and indicates that plaintiff does not intend to diligently litigate this action.

Since it appears that plaintiff does not intend to litigate this action diligently, there arises a rebuttable presumption of prejudice to the defendants in this action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is plaintiff's responsibility to move this action forward. There is currently no operative complaint on file with the court. This action can proceed no further without plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the court's docket, unprosecuted. In this instance, the fourth factor does not outweigh plaintiff's failure to comply with the court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdi*k, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The September 26, 2019 order requiring plaintiff to file an amended complaint or obtain substitute counsel expressly stated: "Plaintiff is advised that failure to comply with this order will result in the recommendation that this action be dismissed." (Doc. No. 81 at 8.) When plaintiff failed to comply with the order, findings and recommendations issued recommending dismissing this action for plaintiff's failure to comply and failure to prosecute. (Doc. No. 82.) Further, the court's January 14, 2020 order granting plaintiff leave to file a third amended complaint stated, "<u>If Plaintiff fails to file a third</u>

1 amended complaint in compliance with this order, this action will be dismissed for failure to
2 comply[.]" (Doc. No. 89 at 7 (emphasis in original).)  Thus, plaintiff has been provided adequate
3 warning that dismissal would result from his noncompliance with the court's order.

ORDER

Plaintiff has failed to comply with the order that he file a third amended complaint within the specified time if he wishes to continue to pursue this civil action.  Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a district judge to this case for the purpose of closing the case and this action is HEREBY DISMISSED DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE.

IT IS SO ORDERED.

Dated: **March 26, 2020**

*[signature: Dale A. Drozd]*

UNITED STATES DISTRICT JUDGE